UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14047-CR-MARTINEZ/LYNCH(s)(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLAN DEMETRIUS BRADFORD,

    Defendant.
_____/



FILED by ___ D.C.
MAR 3 0 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 13-1039]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher of Mr. Benjamin, his letter of explanation attached thereto as well as the time records and other documentation, and this Court otherwise being advised in the premises recommends to the District Court as follows:

    1.    The CJA Administrator has adjusted the hours and amounts set forth in the CJA Voucher submitted by counsel for the Defendant. The Administrator has adjusted these to correctly reflect the time devoted to each task and the applicable hourly rate which varied during the time that the Defendant was represented by Mr. Benjamin.

    2.    Based upon these adjustments, the CJA Voucher seeks reimbursement of 5.8 hours of in-court time totaling $687.10. The voucher seeks reimbursement of out-of-court time of 120.8 hours totaling $14,358.30. Therefore, the total amount of attorney's fees sought as adjusted by the CJA Administrator is $15,045.40 which exceeds the statutory cap of $9,900.00. This Court will address only the attorney's fees issues further.

3. Mr. Benjamin attaches a letter of explanation to the Court explaining why his voucher exceeds the statutory cap. This Court has reviewed his voucher, the attachments, as well as his letter. Representation by Mr. Benjamin began in 2013 and culminated only recently in June of 2015 based upon a Rule 35 Motion and an Amended Judgment and Conviction. The Defendant entered a change of plea before this Court in February of 2014. This Court issued its Report and Recommendation to the District Court in respect to that change of plea and the Defendant was thereafter sentenced in August of 2014. As mentioned earlier, a Rule 35 proceeding was held subsequent to that time and an Amended Judgment entered in June of 2015.

4. This is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Additionally, it is not necessary for this Court to conduct an evidentiary hearing since this Court conducted all of the pretrial proceedings including the Defendant's change of plea hearing as referenced above.

5. The attorney's fees sought by Mr. Benjamin exceed the statutory cap of $9,900.00 as recently adjusted in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether there is sufficient justification to waive or exceed that statutory cap. In doing so, this Court must determine if the matter was "extended" or "complex" as defined in the statute and the applicable case law.

6. The underlying charges against the Defendant were of a very serious nature and do result in the case being classified as "complex" and/or "extended" as defined in the case law which this Court must follow. Further, this Court understands, both by observation and by comments later made, that Mr. Benjamin was unjustly ridiculed by the Defendant's

2

mother and confronted on at least one occasion subsequent to court hearings conducted in this matter. Despite this contentious interaction between the Defendant's mother and Mr. Benjamin, Mr. Benjamin continued to provide extremely competent representation for this Defendant. This Court has taken these outside factors into consideration in determining whether or not the compensation to be awarded to Mr. Benjamin should exceed the statutory cap.

7.   This Court remains guided by the definitions previously established concerning what is considered to be "complex" or "extended." An "extended" case is one requiring more time than normal under similar facts and circumstances. A "complex" case is defined as one involving facts so unusual as to justify the expenditure of more time, skill and effort than a normal case. See Eason v. United States, 2010 WL 5575741 (S.D. Fla. 2010) and United States v. Moreira, 2009 WL 362095 (S.D. Fla. 2009).

8.   This Court finds that this matter was extended or complex based upon the extended nature of the matters surrounding the Defendant's sentencing, his psychological background, the interaction Mr. Benjamin had to have with the Defendant's family, and the subsequent Rule 35 Motion which resulted in an amended sentence, very beneficial to this Defendant. Therefore, this Court finds that this case does qualify as being extended or complex as set forth in the guidelines referenced by the Court.

9.   As always, this Court appreciates the willingness of Mr. Benjamin and other competent counsel to offer their services to the Court for appointment under the Criminal Justice Act when there is conflict with the Federal Public Defender. In reviewing CJA vouchers, this Court must perform a gatekeeper function to balance the entitlement of a particular defendant to competent representation and the ability of the court appointed

counsel to be fully compensated. This Court must balance the right of court appointed counsel to receive adequate compensation for such representation to an indigent defendant, fully mindful that there are limited CJA funds available in this District and nationwide for payment of such services. Congress has seen fit to reduce the amounts of funds for defender services nationwide over the past several years, including funds for payment of Criminal Justice Act conflict counsel. This Court must make certain that defense counsel is adequately compensated, even if it does not represent full compensation for services rendered. Additionally, this Court must make certain that such amounts exceeding the statutory cap as requested herein by Mr. Benjamin are not paid unless there is sufficient justification under the applicable case law and statutory framework which governs this Court's review of such matters.

10.     If this Court, and other courts, did not provide this gatekeeper function, the impact on the availability of CJA funds to indigent defendants in the future would be much more severe than it is under the present budgetary constraints.

11.     This Court chooses to not reduce the amount sought by Mr. Benjamin. He is entitled to attorney's fees in excess of the statutory cap of $9,900. As a result of the foregoing findings, Mr. Benjamin's recovery of attorney's fees shall be the amount requested and adjusted by the CJA Administrator on the face of the CJA Voucher in the total amount of $15,045.40

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 13-1039 be **GRANTED** and that Mr. Benjamin be awarded the total sum of $15,045.40 as reasonable attorney's fees.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 30 day of March, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
James S. Benjamin, Esq.
Jean Vera, Court Reporter Coordinator/CJA Deputy Clerk